IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RODRIGO FELIU ORELLANA, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. EP: 18-CV- 23 |
| INTERNATIONAL MEDICAL GROUP, INC. and SIRIUS INTERNATIONAL INSURANCE CORPORATION, | § § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Come now International Medical Group, Inc. and Sirius International Insurance Corporation, Defendants herein, and pursuant to 28 U.S.C. § 1446, file their Notice of Removal, and would show as follows:

### Background

1. Plaintiff has sued Defendants in a civil action in 171st District Court of El Paso County, Texas, cause number 2017-DCV4007, filed November 16, 2017. Copies of all process and pleadings on file in the state court action are attached hereto as Exhibit A and incorporated herein for all purposes.

2. Defendant International Medical Group, Inc. was served, through the Texas Secretary of State, with a copy of Plaintiff's Original Petition on December 20, 2017. Defendant Sirius International Insurance Corporation has not yet been served with a copy of said petition, but nevertheless joins in this Notice of Removal. Less than thirty days have elapsed since receipt of such service. 28 U.S.C. § 1446(b).

3. Plaintiff's Original Petition alleges that Defendants have wrongfully denied him benefits under an insurance policy.

## Grounds for Removal

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Removal is thus appropriate pursuant to 28 U.S.C. § 1441(a). Plaintiff Rodrigo Feliu Orellana has admitted in his petition that he is a citizen of the Republic of Chile, and alleges that he is currently residing in El Paso, Texas. Defendant IMG is an Indiana corporation with its principal place of business in Indiana. Defendant Sirius is a Swedish corporation that has no principal place of business in the United States.

5. Plaintiff's Original Petition alleges damages in excess of $1 million, far exceeding the jurisdictional threshold of $75,000.00 required by 28 U.S.C. § 1332(a).

## Conclusion

6. This action is removable pursuant to 28 U.S.C. § 1441(a).

7. While planning to seek a change of venue of this action pursuant to 28 U.S.C. § 1404(a) due to the forum selection cause contained in the underlying insurance contract, Defendants would show that the state court in which Plaintiff originally filed suit is located in the El Paso Division of the Western District of Texas.

8. Defendants will submit a jury demand in subsequent pleadings.

9. Defendants are providing a copy of this Notice to all other parties, and are filing a copy hereof with the District Clerk of El Paso County, Texas.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Notice of Removal be filed and effectuated.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79950-1977
(915) 532-2000
FAX (915) 541-1526
E-mail: myers@mgmsg.com

By: _____
H. Keith Myers
State Bar #14760400
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on the 19th day of January, 2018, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Mr. Adam W. Fomby
Attorney for Plaintiff
440 Louisiana Street, Suite 900
Houston, TX 77002
E-mail: adam@fombylaw.com

_____
H. Keith Myers

El Paso County - 171st District Court

Filed 11/16/2017 11:52 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV4007

No. _____

| | | |
|---|---|---|
| Rodrigo Feliu Orellana | § | In the District Court |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | El Paso County, Texas |
| International Medical Group, Inc. and | § | |
| Sirius International Insurance | § | |
| Corporation. | § | |
| *Defendants* | § | _____ Judicial District |

## PLAINTIFF'S ORIGINAL PETITION REQUESTS FOR DISCLOSURE & JURY DEMAND

### I. Discovery Control Plan

1.1    Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure 190.4. Plaintiff is seeking monetary relief of more than $1,000,000.00. Plaintiff reserves the right to amend this damage calculation as discovery progresses. Plaintiff makes this damage calculation at this time pursuant to Texas Rule of Civil Procedure 47.

### II. Parties

2.1    Rodrigo Feliu Orellana ("Rodrigo") is an individual who is a citizen of Chile and currently lawfully resides in El Paso, Texas.

2.2    Defendant, International Medical Group, Inc. ("IMG"), is a foreign insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. IMG regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas. IMG does not maintain a registered agent in Texas, and may be served through the Texas Secretary of State who will forward the citation and petition

1

to International Medical Group, Inc., 2960 North Meridian Street, Indianapolis, Indiana 46208.

2.3  Defendant, Sirius International Insurance Company ("Sirius"), is a foreign corporation engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Sirius regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas. Sirius does not maintain a registered agent in Texas, and may be served through the Texas Secretary of State who will forward the citation and petition to Sirius America New York Home Office, 140 Broadway, 32nd Floor, New York, NY 10005.

### III. Jurisdiction

3.1  The Court has jurisdiction over the Defendants because the amount in controversy is within the jurisdictional limits of the Court.

### IV. Venue

4.1  Venue is proper in El Paso County, Texas. Specifically, venue is allowed in this county, under Tex. Civ. Prac. & Rem. Code §15.002.

### VI. Facts

5.1  Rodrigo initially purchased medical insurance from Defendants, IMG and Sirius, to provide coverage from June 6, 2017 until August 7, 2017. The purpose of medical insurance was to provide Rodrigo coverage for medical expenses while he was lawfully in the United States. The agreement provided for $500,000 in coverage for all usual, reasonable, and customary medical expenses in which Rodrigo incurred while in the United States, whereas

2

Defendants would pay ninety (90) percent of medical expenses inside of the PPO network and eighty (80) percent of the medical expenses outside the PPO network.

5.2     On or about June 8, 2017, Rodrigo was admitted to the emergency room at Providence Transmountain Campus Hospital ("Providence") in El Paso, Texas as Rodrigo's left leg was significantly swollen, painful and warm to the touch, and Rodrigo felt short of breath. The physicians at Providence diagnosed Rodrigo with acute onset of deep venous Thrombosis in his left leg and acute lymphocytic Leukemia. Acute lymphocytic Leukemia is a life threatening disease that requires urgent and intensive treatments of chemotherapy to prevent a patient from dying. As such, in addition to the initial emergency room visit, Rodrigo required immediate extensive medical treatment to save his own life.

5.3     Despite that these medical expenses were clearly medically necessary, Defendants summarily denied Rodrigo's claim to cover his medical expenses under the insurance plan. Defendants failed to make any investigation into the necessity of the medical treatment or the underlying nature of the disease suffered by Rodrigo. The complete lack of investigation or review of the claim is clear, as the basis for Defendants' denial was simply that the disease was a "Pre-Existing Condition", with no further explanation or communication from Defendants. While Defendants claim that the disease was a "Pre-Existing Condition", Rodrigo underwent regular routine medical examinations in the three years prior to the effective date of the insurance, and Rodrigo was never once diagnosed with Leukemia or Thrombosis, and otherwise showed no

3

symptoms of the disease. Rodrigo's disease was not a pre-existing condition, and was covered under the insurance agreement. It appears, based on information and belief, that Defendant's denial of the claim was nothing more than a rubber stamp denial of the claim under the guise of "Pre-existing Condition".

5.4  To make matters worse, Defendants' wrongful denial has and will continue to have a significant impact on the health of Rodrigo and the likelihood of his survival. Because his life depends on receiving immediate and intensive chemotherapy treatments, Rodrigo has no other option but to continue to receive treatments at a significant financial cost. His current medical bills resulting from this disease are several hundred thousand dollars, and continue to increase daily. Because of this, medical providers have refused to treat him without medical coverage, as Rodrigo is unable to personally pay upfront the vast medical bills that continue to grow daily. This has resulted in a significant delay in his treatment which may ultimately cost him his life.

5.5  What is especially troubling about the wrongful denial of Rodrigo's claim under the guise of "Pre-Existing Condition" is that the Affordable Care Act specifically prohibits Medical Insurance companies from denying coverage based on "Pre-Existing Condition" for a lawful resident of the United States. It appears that Defendants have attempted to circumvent federal law in its denial, a decision that can not only financially ruin a family who purchased medical insurance in good faith, but also potentially cost Rodrigo his own life.

5.6  As a result of Defendants' acts and/or omissions, Rodrigo was forced to hire an attorney to prosecute his claims for insurance benefits.

## VI. Violations of Texas Insurance Code

6.1  Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-5.6 of this Petition as if fully set forth herein.

6.2  IMG and Sirius failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

6.3  IMG and Sirius failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

6.4  IMG and Sirius failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3) (formerly Art. 21.21 §4(10)(iv).

6.5  IMG and Sirius refused to pay Rodrigo's claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

6.6  IMG and Sirius misrepresented the insurance policy under which it affords health coverage to Rodrigo, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1). IMG and Sirius misrepresented the insurance policy to Rodrigo, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

6.7  IMG and Sirius misrepresented the insurance policy under which it affords health coverage to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2). IMG and Sirius misrepresented the insurance

policy to Rodrigo by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

6.8 IMG and Sirius misrepresented the insurance policy under which it affords health coverage to Rodrigo by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). IMG and Sirius misrepresented the insurance policy to Rodrigo by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

6.9 IMG and Sirius knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

## VII. Prompt Payment of Claim

7.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-6.9 of this Petition as if fully set forth herein.

7.2 IMG and Sirius failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

7.3 IMG and Sirius failed to timely commence investigation of the claim or to request from Rodrigo any additional items, statements or forms that IMG and

Sirius reasonably believe to be required from Rodrigo in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

7.4   IMG and Sirius failed to notify Rodrigo in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by IMG and Sirius in violation of Texas Insurance Code Section 542.056(a).

7.5   IMG and Sirius delayed payment of Rodrigo's claim in violation of Texas Insurance Code Section 542.058(a).

## VIII. Statutory Interest

8.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-7.5 of the Petition as if fully set forth herein.

8.2   Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

## IX. Breach of duty of good faith & fair dealing

9.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-8.2 of the Petition as if fully set forth herein.

9.2   IMG and Sirius, as the medical insurer, had a duty to deal fairly and in good faith with Rodrigo in the processing of the claim. IMG and Sirius breached this duty by refusing to properly investigate and effectively denying insurance benefits. IMG and Sirius knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of IMG

7

and Sirius' breach of these legal duties, Rodrigo suffered legal damages.

## X. Punitive Damages for Bad Faith

10.1    Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-9.2 of this Petition as if fully set for herein.

10.2    Defendants acted fraudulently and with malice (as that term is legally defined) in denying and delaying Rodrigo's claim for benefits. Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Rodrigo.

## XI. Violations of Texas DTPA

11.1    Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-10.2 of this Complaint as if fully set forth herein.

11.2.   The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA. Defendants' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

## XII. Fraud

12.1    Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-11.2 of this Complaint as if fully set forth herein.

12.2.   IMG and Sirius acted fraudulently as to each representation made to Rodrigo concerning material facts for the reason they would not have acted and which IMG and Sirius knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be

8

acted upon by Rodrigo, who relied on those representations to his detriment, thereby causing injury and damage to Rodrigo.

## XIII. Knowledge

13.1   Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Rodrigo's damages.

## XIV. Jury Demand

14.1   Plaintiff hereby requests a trial by jury of all issues of fact in this case and herewith tenders the jury fee.

## XV. Request for Disclosure

15.1   Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a)-(l).

## XVI. Damages

16.1   Rodrigo is entitled to the actual damages resulting from the Defendants' violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits, the continued impact on Rodrigo from the delay in payments; and the other actual damages permitted by law. In addition, Rodrigo is entitled to exemplary damages.

16.2   As a result of Defendants' acts and/or omissions, Rodrigo has sustained damages in excess of the minimum jurisdictional limits of this Court.

16.3   Rodrigo is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

16.4    Defendants' knowing violations of the Texas Insurance Code and DTPA entitles Rodrigo to the attorneys' fees, treble damages, and other penalties provided by law.

16.5    Rodrigo is entitled to statutory interest on the amount of their claim at the rate of 18% per year as damages under the Texas Insurance Code 542.060(a).

16.6    Rodrigo is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the Tex. Bus & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Rodrigo Feliu Orellana may be entitled.

Respectfully submitted,

FOMBY LAW FIRM

*(signature)*

Adam W. Fomby
State Bar No. 24083006
Howard Fomby
State Bar No. 24069725
440 Louisiana Street Suite 900
Houston, Texas 77002
(281) 846-4229 Telephone
(888) 588-4925 Facsimile

adam@fombylaw.com  
hfomby@fombylaw.com  
ATTORNEYS FOR PLAINTIFF

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: INTERNATIONAL MEDICAL GROUP, who may be served with process by serving THE SECRETARY OF STATE who will then forward the citation and petition to INTRNATIONAL MEDICAL GROUP, INC., 2960 NORTH MERIDIAN STREET, INDIANAPOLIS, IN 46208

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition Requests for Disclosure & Jury Demand at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 171st District Court, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 16th day of November, 2017, by Attorney at Law ADAM FOMBY, 440 LOUISIANA STREET, SUITE 900, HOUSTON, TX 77002 in this case numbered 2017DCV4007 on the docket of said court, and styled:

**RODRIGO FELIU ORELLANA**
**VS**
**INTERNATIONAL MEDICAL GROUP, INC. and SIRIUS INTERNATIONAL INSURANCE CORPORATION**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition Requests for Disclosure & Jury Demand accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 20th day of November, 2017.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
NORMA FAVELA BARCELEAU
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____ Deputy
JoAnn Fernandez

ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

**CERTIFICATE OF DELIVERY BY MAIL**

I hereby certify that on the _____ day of _____, 2017, at _____ I mailed to _____ Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition Requests for Disclosure & Jury Demand attached thereto.

*NAME OF PREPARER _____ TITLE _____

ADDRESS _____

CITY _____ STATE _____ ZIP _____

_____ TITLE _____

RECEIVED
SECRETARY OF STATE
DEC 2 8 2017
286990

Filed 1/12/2018 4:36 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV4007

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
171ˢᵗ JUDICIAL DISTRICT

| | | |
|---|---|---|
| RODRIGO FELIU ORELLANA, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2017-DCV4007 |
| INTERNATIONAL MEDICAL GROUP, INC. and SIRIUS INTERNATIONAL INSURANCE CORPORATION, | § § § § § | |
| Defendants. | § | |

## NOTICE OF FILING RULE 11 AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Come now the defendants, by and through their counsel, and file the attached agreement of counsel for extension of their deadline to file responsive pleadings herein, pursuant to Tex. R. Civ. P. 11.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79950-1977
(915) 532-2000
FAX (915) 541-1526
E-mail: myers@mgmsg.com

By: _____
H. Keith Myers
State Bar #14760400
Attorneys for Defendants

9999-1011/KMYE/1339452

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, H. Keith Myers certify that on this 12th day of January, 2018, a true and correct copy of the foregoing document is being filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21(f)(1); is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1); or if the email address of the party or attorney is not on file with the electronic filing manager, then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Mr. Adam W. Fomby
Attorney for Plaintiff
440 Louisiana Street, Suite 900
Houston, TX 77002
E-mail: adam@fombylaw.com

H. Keith Myers



**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
100 N. STANTON, SUITE 1000
EL PASO, TEXAS 79901-1448
(915) 532-2000

H. KEITH MYERS
BOARD CERTIFIED – CIVIL TRIAL LAW AND
PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

MAILING ADDRESS:
P.O. BOX 1977
EL PASO, TEXAS 79999-1977
FACSIMILE (915) 541-1526
myers@mgmsg.com

January 12, 2018

*Via e-mail: adam@fombylaw.com*
Mr. Adam W. Fomby
Fomby Law Firm
440 Louisiana Street, Suite 900
Houston, TX 77002

    RE: *Rodrigo Feliu Orellana, Plaintiff v. International Medical Group, Inc. and Sirius International Insurance Corporation, Defendants*, No. 2017-DCV4007, 171st District Court

Dear Mr. Fomby:

This letter will confirm your agreement, on behalf of the plaintiff, to extend the deadline for defendants to file responsive pleadings in the above-referenced matter through January 22, 2018.

Please verify that I have stated the agreement correctly by signing hereinbelow and e-mailing a copy of this letter back to me. Thank you for your courtesies in this regard. I look forward to working with you on this matter.

Very truly yours,

H. Keith Myers

HKM/cp

**Agreed this \_\_\_\_ day of January, 2018.**

Adam W. Fomby
Attorney for Plaintiff

9999-1011/KMYE/1339449