IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RODRIGO FELIU ORELLANA, | § § | |
| Plaintiff, | § § | |
| v. | § § | |
| | § | |
| INTERNATIONAL MEDICAL GROUP, INC., and SIRIUS INTERNATIONAL INSURANCE CORPORATION, | § § § § § § § | EP-18-CV-23-PRM |
| Defendants. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

On this day, the Court considered Plaintiff Rodrigo Feliu Orellana's "Motion to Remand" (ECF No. 8) [hereinafter "Motion"], filed on January 24, 2018, in the above-captioned cause. After due consideration, the Court is of the opinion that Plaintiff's Motion should be granted for the reasons that follow.

I.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the denial of Plaintiff's insurance claim for payment of disputed medical expenses. Mot. 1. Plaintiff purchased an insurance policy from Defendants to provide travel insurance coverage

for unexpected illnesses and injuries while Defendant travelled to the United States from his home in the Republic of Chile. *Id.* at 2. Plaintiff claims that while in the United States, he developed deep venous thrombosis and acute lymphocytic leukemia, which required "immediate extensive medical treatment" to save his life. Mot. Ex. F at 3. Plaintiff further claims that Defendants "summarily denied" his claim without conducting a proper investigation. *Id.* Thus, Plaintiff brought claims in El Paso County court for violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of contract, and fraud. *Id.* at 5–9.

Defendants removed this case to federal court on January 19, 2017, based on diversity jurisdiction. Not. Removal 2. Defendants allege that Plaintiff is a "citizen of the republic of Chile," that Defendant International Medical Group, Inc. ("IMG") is an Indiana Corporation with its principal place of business in Indiana, and that Defendant Sirius International Insurance Corporation ("Sirius") is a "Swedish corporation with no principal place of business in the United States." Not. Removal 2. Since removal, Defendant Sirius International Corporation has filed a motion to dismiss for lack of

personal jurisdiction (ECF No. 5), and both Defendants have filed a motion to transfer this cause due to a forum-selection clause in the insurance agreement (ECF No. 8). Neither Defendant has responded timely to the Motion to Remand.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), federal law provides for the removal of civil actions brought in a state court over which the district court has original jurisdiction. "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties." *Energy Mgmt. Servs., L.L.C. v. City of Alexandria*, 739 F.3d 255, 258–59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, 1369). "Thus, under § 1441, removal is proper *only* when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction." *Id.* at 259.

Removal from state court raises significant federalism concerns. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). "Federalism concerns animate the rule requiring strict construction of removal statutes." *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002). "The

removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).

## III. ANALYSIS

Plaintiff argues that this cause should be remanded because the Court lacks subject-matter jurisdiction to hear a claim by a foreign plaintiff against a foreign corporation.

"Citizens or subjects of a foreign state may sue and be sued in United States courts in a variety of substantive contexts provided for by" 28 U.S.C. § 1332, the diversity jurisdiction statute. 14A Charles Allen Wright and Arthur A. Miller, Federal Practice and Procedure § 3661 (4th ed. 2017). However, § 1332 requires "complete diversity of citizenship." S*tiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) ("A federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants."). The complete diversity requirement is not met where both the plaintiff and one of the defendants is an alien. *See id.* at 299 (holding that the joinder of a corporate entity formed under the laws of Liechtenstein

4

destroyed diversity between an alien plaintiff and a citizen of Texas); *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1153 (5th Cir. 1985) ("Because [Defendant] is a citizen of Liberia, and because the plaintiffs are citizens of Singapore, diversity jurisdiction may not therefore be invoked under section 1332(a)(2)."); *Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352, 355 (5th Cir. 1985) (holding that jurisdiction may not be invoked in "a suit initiated by two alien corporations against two defendants, one of whom is an alien corporation").

Here, Defendants admit in their Notice of Removal that Plaintiff is a citizen of the Republic of Chile. Not. Removal 2. They further admit that Sirius is a Swedish company with no principal place of business in the United States. Accordingly, the parties lack complete diversity and diversity jurisdiction does not lie. Because Defendants did not assert any alternative jurisdictional grounds in their Notice of Removal, this case must be remanded for want of jurisdiction.

## IV. CONCLUSION

The Court finds that it lacks subject-matter jurisdiction to hear the present case.

Accordingly, **IT IS ORDERED** that Plaintiff Rodrigo Feliu Orellana's "Motion to Remand" (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Rodrigo Feliu Orellana's claim is **REMANDED** to the 171st District Court of El Paso County, under Cause Number 2017-DCV-4007.

SIGNED this ___1st___ day of **February, 2018**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE